## DANIEL A. HEALD *v.* ZENAS C. WARREN.

The right of action, at law, to recover the price of property sold, is in the person having the legal interest in the property.

The plaintiff furnished money to be expended by S. in the purchase of flour, and S. was to repay the money, with interest, and to allow the plaintiff a barrel of flour for every one hundred barrels purchased; and the flour was purchased and invoiced in the name of the plaintiff and was to remain his until sold and paid for. *Held*, that the right of action, to recover the price of the flour, when sold, was in the plaintiff, and not in S.

Heald *v.* Warren.

And S., in such case, having released to the plaintiff all claim which he had in the suit, both to the damages and costs, and the plaintiff having released to S. all claim on account of the costs and expenses in the suit, and the attorney who commenced the suit having released his lien upon the costs for his services and expenditures, it was held, that S. was thereby rendered a competent witness for the plaintiff.

An order, drawn by a debtor in favor of his creditor upon a third person, for the amount of a debt due for property sold, it being understood between them, that the order was drawn as a matter of convenience merely, and not as an ordinary business transaction, and that the drawee had no funds of the drawer in his hands, and was under no obligation to accept the order, will not preclude the creditor from recovering the amount of his debt in an action upon book account,—nothing having been received by him upon the order.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed, who reported the facts substantially as follows.

The plaintiff's account was for flour sold, to the amount of $31,25. The defendant received the flour of Owen Spalding. As between the plaintiff and Spalding the business of dealing in flour was carried on in this manner ; the plaintiff furnished money for the purchase of the flour, which Spalding was to repay to him, with interest, and to allow to him one barrel of flour for every one hundred barrels purchased ; the flour was purchased and invoiced in the name of the plaintiff and was to remain his until sold and paid for. Spalding was offered as a witness on the part of the plaintiff, and was objected to by the defendant. The plaintiff then produced a release, from Spalding to the plaintiff, of all interest which Spalding had in the suit, both in damages and costs,—a release from the plaintiff to Spalding of all claim against him for the costs and expenses of the suit,—and a release to the plaintiff from the attorney, who commenced the suit by the direction of Spalding, of his lien upon the costs, which might be recovered, for payment of his fees and disbursements. Spalding was then admitted by the auditor to testify. It appeared, that the defendant kept a boarding house, at Ludlow, for persons employed upon the rail road ; and the boarders made their own contracts, and were alone liable for their board. The men employed upon the rail road drew their pay the fifteenth day of each month, and it was customary for the keepers of board-

ing houses to send their boarding bills each month to the contractors, and for them to reserve, from the amount due to the men in their employment, a sum sufficient to pay such bills, and to pay the keepers of the boarding houses for the board of the men. The defendant boarded some men, who were in the employment of Lingenfelter & Brewer and others, who were in the employment of John Warner, who resided at Chester. On the tenth of March, 1848, Spalding wrote an order upon Warner for the amount of the plaintiff's account against the defendant, and the defendant signed it. The order was in these words;—" Mr. Warner : Please to pay Owen Spalding $31,25 out of my board bill, for value received." It was well understood, both by the defendant and Spalding, that Warner was under no obligation to accept or pay such a draft, and that his doing so would be a mere act of courtesy, according to the custom above mentioned, and not because the drawer had any funds in his hands ; and when the order was given, it was not passed as in a common business transaction, drawn against funds in the hands of a drawee, but was given and received to enable Spalding to take the pay for the above account, if he should see Warner, or his clerk, before the defendant did. Warner did not come to Ludlow, but his clerk came on the seventeenth of March to pay the men. Spalding applied to him, to learn when he would pay them, and was told, that payment would be made on the morning of the eighteenth of March. Spalding informed him, that he had the order above mentioned, but the clerk told him, that he should pay Lingenfelter & Brewer the amount due to them; but Lingenfelter & Brewer were paid on the evening of the seventeenth, and absconded that night. Spalding never received any thing upon the order, and it apeared by the declarations of the defendant, made after Lingenfelter & Brewer had absconded, that he considered he owed Spalding for the flour, specified in the above account.

Upon these facts the county court, September Adjourned Term, 1849,—KELLOGG, J., presiding,—rendered judgment for the plaintiff for the amount of his account and interest. Exceptions by defendant.

*S. Fullam* for defendant.

Spalding is the only person, who can sustain this action ; he owned the flour, and had possession and control of it, and was alone interested in the profit and loss. *Lane* v. *Columbus Ins. Co.*, U. S. Law Mag., Jan. 1850, p. 21. The plaintiff's lien upon the flour, to secure the money loaned by him to Spalding with which to purchase the flour, does not give to him the right of action for the flour actually sold by Spalding.

Spalding was improperly admitted as a witness ;—his release to the plaintiff does not excuse the plaintiff from accounting to Spalding for the amount recovered in this action.

The receiving of the order, by Spalding, for the exact amount due, is a bar to any right of recovery in an action on book. *Hutchins et al.* v. *Olcott*, 4 Vt. 549. *Wright* v. *Crockery Ware Co.*, 1 N. H, 281. *Wyatt* v. *Hartford*, 3 East 146. Spalding (or the plaintiff, if he have any right to sue) made the bill his own, by not presenting it immediately, or certainly on pay day, and giving notice to the drawer, if not paid.

*F. C. Robbins* and *Washburn & Marsh* for plaintiff.

Upon the facts found, this action is well brought in the name of the present plaintiff. *Lapham* v. *Green*, 9 Vt. 407. *Hilliker* v. *Loop*, 5 Vt. 116. *Boardman* v. *Keeler*, 2 Vt. 65. 1 Chit. Pl. 65. The fact, that Spalding was to receive a certain commission, or all the profit made on the flour above the price of one barrel in every one hundred, does not estop the plaintiff from maintaining this action in his own name. Although Spalding had an interest, yet the consideration moved from the plaintiff. *Edwards* v. *Golding et al.*, 20 Vt. 30.

The plaintiff being the sole owner of the flour, and Spalding having no interest, except in what was gained or lost in the purchase and sale thereof, and having assigned to the plaintiff all of that interest, and the plaintiff having released Spalding from all liability on account of the costs and expenses accruing out of this suit, Spalding has no longer any interest in this suit, and was properly admitted to testify. *Edwards* v. *Golding et al.*, above cited.

The order was given merely as matter of convenience to the de-

fendant, and for his benefit, and can in no way be considered as payment of the account of the plaintiff. *Tracy* v. *Pearl*, 20 Vt. 162. *Torrey* v. *Baxter*, 13 Vt. 452.

The opinion of the court was delivered by

BENNETT, J. It is objected by the defendant, that this action is misconceived, and should have been brought by Spalding. But by a recurrence to the facts reported by the auditor it will be seen, that the plaintiff had the legal interest in the property and Spalding only the equitable interest. It is well settled, that the person having the legal interest has at law the right of action.

In regard to the question of the admissibility of Spalding as a witness, after the execution of the releases, which are attached to the case, little need be said. The plaintiff could not be compelled to account to Spalding for any portion of the money recovered in this action, in the face of his release; neither could Spalding be compelled to pay any costs to the plaintiff, in the face of the plaintiff's release. The case in principle is the same as *Edwards* v. *Golding et al.*, 20 Vt. 30.

A question has been raised in relation to the effect of the defendant's order upon Mr. Warner in favor of Spalding, requesting him to pay this account out of the defendant's board bill. Under the circumstances attending this case, this cannot preclude the right to recover. It was understood by the parties, that the drawee had no funds and was under no legal obligation to accept the order, and if he did do it, it was mere matter of accommodation. It was not given as an ordinary business transaction, but simply that the payee might get the money of the drawee, if he should see him before the defendant did; and in this light the parties understood it, most unquestionably. After Spalding failed to get any thing on the order, the defendant admitted his liability for the flour now sued for. Upon such a state of facts there can be no merger of the account in the draft, for the best reason in the world, the parties did not so intend it. See *Tracy* v. *Pearl*, 20 Vt. 163.

The judgment of the county court is affirmed.