Probate Court *v.* Strong.

---

THE PROBATE COURT *v.* DAVID STRONG.

*Probate Bond. Prosecutor.   Waiver of Statute provisions by defendant.*

When an applicant prosecutes a bond, as provided in the Compiled Statutes, p. 374, Sec. 2, having obtained permission from the probate court, and neglects to cause his name to be indorsed on the writ, as prosecutor of the same; if the defendant goes to trial on demurrer to the declaration, or has a trial on the merits, and the case passes to subsequent terms of the court, it is a waiver of the objection.

Probate Court *v.* Strong.

And where the applicant at the time of the return of the writ, lodges a certified copy of the bond, and a certificate that permission has been granted to prosecute the bond, with the clerk, it is sufficient to give him all the rights of a prosecutor, though the clerk neglects to make his entry of the same.

THIS was an action on a probate bond, and judgment for the plaintiff, at the February Term of the county court, 1851, to which judgment exceptions were taken by the defendant. After which the defendant filed his motion to dismiss, for the following reasons : " That no applicant has caused his name to be indorsed on the " writ which has been sued out on the probate bond, and is now " pending in this court, as prosecutor. Nor has any applicant re- " turned to, and filed in this county court, to which said writ was " returnable, at the time of the return of said writ, the copy of the " bond, and certificate furnished by the probate court, as required " by the second section of the fifty-sixth Chapter of Revised Stat- " utes of this State." On the trial, it appeared that the prosecu- tors filed with the clerk of the court, at the entry of this cause, a certificate from the court of probate, and that a certified copy of the defendant's bond had been in the files of the case during the pendency of the suit, but not filed upon the clerk's docket, until August Term, 1851. It did not appear that Edwin A. and Wallis H. Webster, who claimed to.be prosecutors of the said bond; had ever caused their names to be endorsed upon said writ. On their part it was contended, that the defendant's motion to dismiss was too late, &c. The court, August Term, 1851, sustained the mo- tion, and ordered said cause to be dismissed as to the said prose- cutors. To which decision they excepted.

*G. Harrington* for the plaintiffs.

The motion to dismiss was interposed *too late ;* if the objections were ever of validity, they were so the first term the suit was en- tered ; such bonds can only be prosecuted upon application of a prosecutor. Each requisition of the statute which forms the sub- ject of the defendant's motion, has special reference to the time of entering the cause, and no subsequent event, and falls clearly within the rule of dilatory pleas, which can only be taken advan- tage of the first term of court.

*Stevens* and *Edson* for defendant.

The statute is mandatory, any other construction would deprive

the defendant of rights and privileges which the law has secured
to him.

The opinion of the court was delivered by

ISHAM, J. This motion to dismiss was filed at the February
term of the county court, at the third term after the case was
entered upon the calender of that court. The motion is urged upon
the ground that no applicant has caused his name to be indorsed
as prosecutor on the writ, nor returned to, and filed in that court
at the time of the return of the writ, a copy of the bond and cer-
tificate furnished by the Probate Court.

We learn from the exceptions which were allowed on trial at
the August term, 1851, that at the time the suit was entered, the
prosecutor filed with the clerk a certificate from the Court of Pro-
bate, and that a certified copy of the bond has been in the files of
the case during the pendency of the suit, but not entered upon the
clerk's docket until time of trial, when the exceptions were allowed.

The Comp. Stat. p. 374, Sec. 2, provides that the Probate Court
on application shall grant permission to prosecute the bond and
shall furnish to the applicant a certified copy of the bond, and a
certificate that permission has been granted to prosecute it, and
requires of the applicant, that they be filed in court, at the return
of the writ, and that he cause his name to be indorsed on the writ
as the prosecutor of the same. No objection is urged, but that
the certificate is good in form, but the applicant has neglected to
indorse his name on the writ, and if this objection had been taken
at the first term of the court, it probably would have prevailed.
But if, as in this case, the party goes to trial on demurrer to the
declaration, or has a trial on the merits, and the case passes to
subsequent terms of the court, it is a waiver of the objection, and
the party is too late in filing this motion. And in relation to the
certificate, the prosecutor has done all he personally was required
to do in relation to filing the bond and certificate, as it was lodged
with the clerk when the case was *entered in* court, and nothing
remained but the act of the clerk in making his entry thereon.
We think that lodging a certified copy with the clerk at that time
by the prosecutor, was sufficient to give him all the rights of a
prosecutor under the act, and that the suit cannot be defeated by
such neglect of the clerk.

The motion to dismiss is overruled and the case remanded.