PROBATE COURT FOR THE DISTRICT OF RANDOLPH, ALANSON
BRAINARD'S ADMINISTRATOR, PROSECUTOR, v. ALMON
BRAINARD, J. K. PARISH, AND PHILANDER PERRIN.

*Prosecution of Probate Bonds. Practice.*

The Probate Court cannot, *per se,* move in the prosecution of probate bonds. The prosecutor is the real plaintiff; and he must be one who bears such relations to the alleged breaches of the condition of the bond, that he may have been injured thereby; and his right to prosecute must appear from the declaration, or the declaration will be demurrable.

A creditor who had proved his claim against an estate in the jurisdiction of principal administration in Wisconsin, was *held* not entitled to prosecute an administrator's bond given on the grant of ancillary administration in this state, the alleged breach whereof was the non-payment of a balance found in the hands of the ancillary administrator on settlement of his administration account, and ordered by the Probate Court to be paid over to the principal administrator in Wisconsin, by reason of which non-payment the principal administrator was unable to pay the prosecutor's claim.

Ordinarily, the Supreme Court would treat as a misentry a case coming up from a judgment of the County Court for the penalty of a probate bond before the damages were ascertained; but as this case was fully argued, and the views of the court would finally determine it, it was made an exception to the general rule, and heard.

Defendants, by general demurrer to the declaration, having admitted the execution and breach of the bond declared upon, were *held* not entitled to a general judgment in their favor on the demurrer being sustained, as such judgment might embarrass a future suit for the same breach, by a person entitled to prosecute, and judgment was rendered that the prosecutor become nonsuit.

DEBT on an administration bond, given by the defendant, Almon Brainard, of Greenfield, Mass., administrator *de bonis non* of the estate of Austin Brainard, late of Beloit, Wisconsin, deceased, as principal, and the defendants Parish and Perrin as sureties. . The declaration set out said bond, and alleged,

That the said Austin Brainard was, at the time of his death, a resident of and domiciled in said Beloit, and that the principal administration on his estate was duly granted by the proper authorities of the state of Wisconsin, and letters of administration there granted to one Martin Brainard, of said Beloit, who accepted said trust, and entered upon the due execution thereof; that said Austin Brainard was in his lifetime, and at the time of his decease,

largely indebted to Alanson Brainard, of Painesville, in the state of Ohio, by note or notes, and otherwise, in a large amount, to wit, two thousand dollars, and that the said Alanson Brainard, heretofore, to wit, on the 23d of February, 1863, caused his said notes and other evidences· of debt against said Austin Brainard, to be duly presented before and allowed by Amos P. Prichard, county judge for Rock County, in the state of Wisconsin, said Prichard then and there as such county judge having jurisdiction and authority to duly allow said claims against said estate of said Austin Brainard, deceased; that on the 12th of April, 1867, at said Randolph, to wit, at said Chelsea, the said Almon Brainard was duly appointed administrator *de bonis non* of the goods, chattels, and estate of said Austin Brainard in said Randolph district, by said Probate Court, and that there came into his hands thereupon a large amount, to wit, $3000 worth of real and personal estate belonging to the estate of the said Austin Brainard, to be administered by him the said Almon, according to law and the orders and decrees of said Probate Court; that afterwards, to wit, on the 22d of February, 1868, the said Almon Brainard, administrator as aforesaid, in due form of law, settled his account as such administrator with the Probate Court for the district of Randolph, and upon said settlement there was found due from him to the estate of said Austin Brainard, a large sum, to wit, $644.94, which said balance he was then and there ordered and decreed by said court to deliver and pay over to the said Martin Brainard, principal administrator as aforesaid; that the said Almon Brainard, administrator as aforesaid, did not nor would obey said order and decree of said court, and hath never paid over to the said Martin Brainard, administrator as aforesaid, the said balance so as aforesaid ordered to be paid over to him the said Martin Brainard, but still neglects and refuses so to do. By means whereof the said Martin Brainard, principal administrator as aforesaid, was unable to pay off the claims and demands of the said Alanson Brainard so as aforesaid allowed against the estate of said Austin Brainard, or any part thereof, and the said Alanson Brainard has thereby suffered damages, and is greatly injured in the premises.

The prosecutor, the said Alanson Brainard, deceased after the commencement of this suit, and his administrator entered to prosecute. The defendant, Almon Brainard, lived out of the state, and no service was ever made on him, and he never appeared in the suit. The defendants Parish and Perrin filed a general demurrer to the declaration. The court, at the December Term,

1875, POWERS, J., presiding, overruled the demurrer, adjudged the declaration sufficient, and rendered judgment for the penalty of the bond. Exceptions by defendants.

*P. Perrin* and *J. W. Rowell*, for defendants.

The declaration is insufficient: 1. Because it is not alleged that the claim of the prosecutor was ever presented to, or allowed by, nor that any action has ever been had upon it before, the Probate Court in this state, nor that there ever has been any order or decree for the payment of the same in the Probate Court of Wisconsin. 2. Because it is not alleged that either Martin Brainard, principal administrator, or the prosecutor, has ever demanded or requested the payment of said sum so found in the hands of the said Almon Brainerd. 3. Because it is not alleged that the said sum is needed to pay debts in the principal administration, nor that the estate in Wisconsin is not entirely solvent ; nor does it allege any facts indicating a necessity for bringing this suit, or that the prosecutor is in any way damaged by the non-payment of said sum. 4. Because it is not alleged that there has ever been any decree of distribution in Wisconsin, fixing the amount the prosecutor is entitled to from that estate by dividend or otherwise. 5. Because it is not alleged that the prosecutor's claim is unpaid, and nothing is shown but that the whole matter still remains in the jurisdiction of the Probate Court of Wisconsin. 6. Because it is not alleged that the debts in this jurisdiction are paid, nor that the assets are sufficient or insufficient to pay them.

The declaration shows no sufficient interest in the prosecutor to enable him to prosecute this suit. His interest, if any, is not only remote, but contingent. The judge of probate is not required to determine whether there is good cause of action or not, when he grants leave to sue the bond, but grants it on the claim of interest. 8 Pick. 121.

The state courts will not interfere in favor of foreign creditors, unless some good reason is shown for such interference ; but will refer them to the proper jurisdiction. *Probate Court* v. *Kimball et als.* 42 Vt. 320 ; *Bank* v. *Kidder,* 20 Vt. 519 ; *Probate Court* v. *Slason,* 23 Vt. 306 ; *Probate Court* v. *Chapin,* 31 Vt. 373,

Probate Court et al. *v.* Brainard et als.

There having been no order or decree of the Probate Court for the payment of the prosecutor's claim, nor any such order and decree applied for anywhere, and the said sum found in the hands of the ancillary administrator never having been demanded, no duty within the scope, terms, and condition of the bond, has been imposed on the defendants to pay, and of course they have committed no breach of the bond by not having paid the prosecutor's claim. *Probate Court* v. *Kimball et als:, supra.*

If this prosecutor has no standing in court, judgment cannot be rendered for the plaintiff for the benefit of all interested, as this suit is brought for the private interest of the prosecutor alone. *Coffin* v. *Jones,* 5 Pick. 61; *Paine* (Judge) v. *Stone,* 10 Pick. 75; *Barton* (Judge) v. *White,* 21 Pick. 58.

There may have been some good reason why the administrator *de bonis non* should not pay over until final decree in the Probate Court in Wisconsin; as, that he is an heir, and his share is greater than the amount in his hands; and if the principal administrator is content to let it remain, knowing the amount in his hands, and the assets in his own hands, a creditor cannot complain, especially as there is no order to pay debts in either jurisdiction.

*J. J. Wilson,* for the prosecutor.

The case is improperly before this court. The proceedings are regulated entirely by statute. This proceeding is only to authenticate the bond; and the statute provides that the judgment shall be final. Gen. Sts. c. 60, s. 2.

The opinion of the court was delivered by

Ross, J. This is an action under the statute on a bond given by the defendants to the Probate Court for the district of Randolph, for the faithful performance by Almon Brainard, of the duties of administrator on the estate of Austin Brainard. On demurrer, the County Court adjudged that the declaration was sufficient, and rendered judgment against the defendants for the amount of the penalty named in the bond. This judgment must stand if the declaration sets forth sufficient facts to sustain it. It

is conceded that the bond, and its breach by the defendant Almon Brainard, are sufficiently stated in the declaration to sustain the judgment, if the case can be prosecuted by the Probate Court, of its own motion. The statute prescribes the manner in which such bonds shall be taken and prosecuted. Gen. Sts. c. 60, ss. 1, 2. By the provisions of these sections, the bond, in such cases, is to be taken in the name of the Probate Court for the benefit of such persons as may sustain damages by the failure of the principal in the bond to perform its conditions, and is to be put in suit on permission granted by the Probate Court to some person as prosecutor, claiming to have been injured by a breach of the conditions of the bond. From the various provisions of the second section of the statute, requiring that the prosecutor shall give a bond to prosecute the suit to effect, and to pay costs " in case he should fail to recover"; that he shall indorse his name on the writ as prosecutor of the same ; that the declaration on the bond shall set forth the breaches of the conditions on which the prosecutor relies ; that he may recover and have execution for costs in his own name if the defendants shall unsuccessfully resist the preliminary judgment for the penalty of the bond ; and that after the preliminary judgment in favor of the Probate Court for the penalty of the bond, the action shall proceed and be prosecuted on the breaches assigned, in the name of the prosecutor, and if he prevail, he shall have judgment in his own name for his damages and costs,—it is evident that the prosecutor must be considered the real plaintiff, and that the Probate Court cannot, *per se,* move in the prosecution of such bonds. Although the preliminary judgment is in favor of the Probate Court for the penalty named in the bond, such judgment is for the benefit of the prosecutor, and of all others who may be able to show that they have been injured by a breach of the conditions of the bond. Obtaining the preliminary judgment in favor of the Probate Court for the penalty of the bond, is one step which the prosecutor must take, and be entitled to take, to enable him to recover the damages which have resulted to him from the alleged breach of the conditions of the bond. The prosecutor, and not the Probate Court, must take, and be entitled to take, this step. Can he be allowed to take this

step, unless the facts stated in his declaration and admitted by the demurrer, show that he holds such relations to the alleged breaches of the conditions of the bond that he may have been injured thereby? This is the real question presented for consideration.

The alleged breach of the conditions of the bond is, the failure of the ancillary administrator, Almon Brainard, to pay, on the order of the Probate Court, to the principal administrator, who resides in Wisconsin, the sum found in his hands on the settlement of his account with the estate. Do the facts admitted by the demurrer, place the prosecutor in such relations to the bond and its alleged breach that he may be entitled to damages, or may have been injured by such breach? It is to be remarked that the permission granted to him by the Probate Court to prosecute the bond, is not conclusive on this question. The statute is mandatory upon the Probate Court to grant such permission to any one *claiming* to have been injured by a breach of the conditions of the bond, if he shall give a bond to the satisfaction of the court, to prosecute the suit to effect and pay such costs as shall be adjudged against him in case he fails to recover. The Probate Court, in granting such permission, except in determining the amount and sufficiency of the bond required from the prosecutor, acts in a ministerial rather than in a judicial capacity. Hence, the facts stated in the prosecutor's declaration must be considered, in order to determine whether he may have been injured by the conceded breach of the conditions of the bond in suit. The prosecutor is not the principal administrator to whom the Probate Court has ordered the principal in the bond to pay the sum found in his hands on the settlement of his administration account. He alleges that he was a creditor of the estate in the jurisdiction of the principal administration, and that he had there proved his debt. He does not allege that his claim remains unpaid, nor that the funds in the hands of the principal administrator are insufficient to pay it, except inferentially. He does not state that the court in Wisconsin has ever ordered the principal administrator to pay his claim. There is no fact stated in the declaration that shows that the prosecutor would have received, or been entitled

to receive, one dollar, much less the whole sum, found in Almon Brainard's hands on the settlement of his administration account, and which he was ordered to pay over to the principal administrator, if that order had been complied with.   He does not claim that he has ever become a creditor of the estate in the administration thereof in this state, but rather the reverse.   He alleges no facts, and makes no averments, that place him in any fixed legal relations to the administrator in this state, for the faithful performance of whose duties the bond in suit was given.   He alleges no facts that give him any standing in the Probate Court in whose name the bond was taken.   On his own showing, he has no right to call upon that court to make any order in his behalf in regard to the administration of the estate here ; and that court would have no power to make any such order on his application therefor.   As to the administration of the estate in this state, he stands as an outsider, and he comes in to prosecute the suit as a volunteer.   No amendment or enlargement of the facts stated in the declaration, would bring the prosecutor into such legal relations to the administration of the estate in this state that he could take advantage of, or be directly injured by, a breach of the conditions of the bond in suit.   By the statute, all such bonds are taken and prosecuted '' for the benefit of those who may be injured by the breach of their condition.''   The prosecutor does not bring himself within this class of persons.   On the facts stated in the declaration and admitted by the demurrer, he sustains no such legal relations to the alleged breach of the conditions of the bond, that a preliminary judgment for the penalty in favor of the Probate Court could be of any avail to him.   Hence, he has no right inhering in himself, or growing out of his relations to the administration of the estate in this state, to have such preliminary judgment rendered.   As already remarked, the Probate Court cannot, voluntarily, move in the prosecution of the defendants for a breach of the conditions of their bond, and have judgment rendered in its favor for the penalty named in the bond.   That court has no right in itself to have such a judgment rendered.   If such right is not in the Probate Court, it must be in the prosecutor ; but, as we have seen, in the prosecutor only because he sustains such legal rela-

tions to the ancillary administration that he may have been injured. by the breach of the conditions of the bond, and for that reason has the right to prosecute the same, to enable him to obtain compensation for the injury he has thereby sustained. As on the facts alleged he has failed to show that he sustains such legal relations to the administration of the estate in this state that he has, or can have, sustained any injury from the alleged breach of the conditions of the bond, he has no right to move in its prosecution. The right to prosecute is not given to any volunteer, but only to a party who may have been injured, and to enable him to enforce compensation for such injury. The defendants have the right to say that a judgment for the penalty of the bond shall not be rendered against them, except at the instance of one who shows by his declaration that he may have been injured by the breach of its conditions within the meaning of the statute. For the reasons already stated, the judgment of the County Court must be reversed, and the declaration must be adjudged insufficient.

If this court had affirmed the judgment of the County Court, it could not have rendered final judgment in the case, inasmuch as the damages, if any, resulting to the prosecutor from the alleged breach of the bond, had not been ascertained. Ordinarily, this court would have treated the case as prematurely brought into it, and have dismissed it as a misentry. As the case has been fully argued, and as the views of this court are such as will finally determine the case, we have thought best to make it an exception to the general rule, but we do not wish to be understood as relaxing the rule. Besides, the proceedings under the statute in this class of cases are somewhat peculiar. There are two judgments in this class of cases, the latter of which does not necessarily or ordinarily vacate the former. The preliminary judgment in favor of the Probate Court, would stand, though the final judgment might be against the prosecutor. Generally, a final judgment in favor of the defendant, vacates all preliminary judgments in favor of the plaintiff; so that in such cases, an exception taken by the defendant to the rendition of the preliminary judgment, need not be insisted on by him. In the case at bar, if the defendants had de-

feated the prosecutor on the final judgment, they could have relieved themselves from the validity of the preliminary judgment in favor of the Probate Court, only by insisting on their exceptions. Hence, in this particular case nothing would be saved to the parties or the court by enforcing the general rule.

The defendants, by the demurrer, having admitted the execution of the bond, and a breach of its conditions, are not entitled to a general judgment in their favor. Such a judgment might embarrass a future suit upon the bond for the same breach, by a prosecutor entitled to relief by prosecuting the same. They have the right to such judgment only as will end the right of the present prosecutor to pursue them on the facts alleged in the declaration. A nonsuit is effectual for that purpose, and protects the rights of all parties who may be entitled to prosecute the bond for this particular breach.

Judgment reversed, the declaration adjudged insufficient, and judgment that the prosecutor become nonsuit.