## RUTLAND PROBATE COURT v. REBECCA HULL, ADM'X OF ALFRED HULL'S EST., AND OTHERS.

*Probate Bond. Pleading. Demurrer.* R. L. s. 2303.

1. In an action on a probate bond the County Court has the authority to cause the name of the prosecutor to be stricken from the record, when he had not complied with the statute, R. L., sec. 2303; nor made application to the Probate Court for leave to prosecute; nor given a bond to the adverse party.

2. A declaration counting on a probate bond is bad on demurrer, when it does not state a cause of action in favor of the prosecutor; thus, it was averred that K. was the treasurer of a cemetery association; that the association owned a claim against the estate of H., of which the defendant was administratrix; that the claim was presented to the commissioners in the name of K., and was a claim due him in trust for said cemetery association, * * * a debt * * * held by its said treasurer, * * * so allowed to said K., treasurer, etc.; that defendant neglected to pay; that K. subsequently deceased; that S. was appointed his administrator, and A., treasurer of said association. The association applied for leave to prosecute; but S. did not, nor did he give bonds. Their names were indorsed on the writ as prosecutors; but the name of S. was stricken off by order of the court; *Held*, that the declaration does not state a cause of action in favor of the prosecutor.

3. In an action on a probate bond, after judgment has been rendered at one term for the penalty of the bond, the defendant may demur at a second term upon the trial of the alleged breaches.

PROSECUTION of probate bond given by Rebecca Hull as administratrix, with the will annexed, of the estate of

Alfred Hull, of Wallingford. Heard on demurrer, September Term, 1884, Rutland County, VEAZEY, J., presiding. Demurrer overruled.

Judgment was rendered at the March Term, 1884, for the penalty of the bond. The breach of the bond alleged was a failure to pay an allowance by the commissioners upon said estate of $236, in favor of E. W. Kent, treasurer, collector and committee, etc. At the September Term judgment was rendered for the Green Hill Cemetery Association for the amount of said allowance.

It was averred in the declaration, that the defendants executed their bond to the Probate Court; that it was "provided that if the above bounden Rebecca Hull, who was on the same day as the execution of said writing obligatory appointed administratrix, with the will annexed of Alfred Hull, late of Wallingford, in the County of Rutland and State of Vermont, deceased, should make and return to said Probate Court within three months, a true and perfect inventory of all the goods, etc. of said deceased, which should come to her possession or knowledge, or to the possession of any other person for her; and also all other goods, chattels, rights, credits and estate of said deceased, which should at any time after come to her possession, or the possession of any other person for her; and should well and truly administer the same and pay and discharge all debts, legacies and charges, chargeable thereon, or such dividends thereon as should be ordered and decreed by said Probate Court; render a true and just account of her administration to said court, within one year, and at any other time when required by said court, and perform all orders and decrees of said Probate Court by her to be performed in the premises, then the obligation of said writing obligatory should be void, otherwise in force. And the said Probate Court alleges that upon the same day as the date of said writing obligatory, commissioners were appointed by said court to receive, examine and adjust all claims and demands against said Alfred Hull, deceased; and that afterwards, to wit: On the 13th day of November, A. D. 1875, said commissioners made report to said court, allowing claims against the estate of said Alfred Hull, amounting to $351.30, and that afterwards,

to wit: On the same day, the said Probate Court approved and allowed the said report of said commissioners, and the claims allowed and reported therein became charged thereby upon the estate of said Alfred Hull in the hands of said administratrix; and the said Probate Court further shows and alleges that the said Rebecca Hull as administratrix as aforesaid, received of the moneys and estate of said Alfred Hull, deceased, more than ten thousand dollars in course of administration, and that she returned to said Probate Court inventories thereof according to law.

And the said Probate Court further avers and alleges that among the claims so presented to said commissioners was one of $236, in the name of Elias W. Kent, treasurer, collector, and committee, which was duly allowed by said commissioners and included in their said report and approved by said court as aforesaid. And that said Elias W. Kent was the treasurer, collector, and committee of the Green Hill Cemetery Association of Wallingford, aforesaid, and that said claim so allowed was a claim due him *in trust* for said cemetery association, and was in fact the debt and claim of said association, held by its said treasurer, collector, and committee.

And the said Probate Court further avers and alleges that afterwards, to wit: Upon the 11th day of July, 1876, the said Rebecca Hull, administratrix as aforesaid, presented to said Probate Court the final account of her trust as such administratrix, and that she credited herself therein with having paid the claims allowed by said commissioners, amounting to said sum of $351.30, and including therein the said sum of $236, so allowed to said Elias W. Kent, treasurer, collector, and committee as aforesaid, which said account was allowed and approved by said Probate Court, and the said administratrix ordered to pay said claims so allowed out of the assets of said estate in her hands, which said order then became and remained a judgment of said court, and neither the allowance of said commissioners allowing said claim, nor the order of said court approving said allowance, nor the order of said court decreeing a payment of said allowances, has ever been appealed from, vacated or annulled, but the same remains in full force and effect.

And the said Probate Court further avers and alleges that

after the making of said order of payment, said Elias W. Kent died, and that Joel W. Ainsworth, of Wallingford, has been by said Green Hill Cemetery Association appointed its agent and committee in place of said Kent, deceased, and A. G. Stone has been appointed by said Probate Court, administrator of the estate of said Elias W. Kent."

*Prout & Walker*, for the defendant, cited *Probate Court v. Brainard*, 48 Vt. 620; *Jones v. Tuttle*, 54 Vt. 488; *Emerson v. Wilson*, 11 Vt. 357; *Bowman v. Stowell*, 21 Vt. 313; R. L. s. 2303; and argued substantially as the court hold.

*J. C. Baker*, for the plaintiff, argued that the allegations in the declaration were sufficient; and cited R. L. ss. 2066, 2115, 2125; *Doolittle v. Hunsden*, Brayt. 41; *Atherton v. Flagg*, 2 D. Chip. 61; *Hodges v. Thatcher*, 23 Vt. 455; *Sherman v. Abell*, 46 Vt. 547; *Whitcomb v. Hutchinson*, 48 Vt. 310; *Bank v. Kidder*, 20 Vt. 519; *Probate Court v. Chapin*, 31 Vt. 373; *Boyden v. Ward*, 38 Vt. 628; *Probate Court v. Kimball*, 42 Vt. 320; *Probate Court v. Kent*, 49 Vt. 380.

This suit upon the probate bond is merely a means of enforcing the judgment and decree of the Probate Court. It is the only mode known to the law whereby process of execution can be obtained upon a probate decree for payment of debts and legacies of a deceased person. *Benton v. Fletcher*, 31 Vt. 418.

The defendant waived all questions of whether the name of the prosecutor was endorsed on the writ, by demurring. *Probate Court v. Strong*, 24 Vt. 146.

If a demurrer is to be interposed to the declaration, it must be before the judgment for the penalty. R. L. s. 2303; *Paine v. Stone*, 10 Pick. 75; *Probate Court v. Strong*, 24 Vt. 146. *See* also 2 Me. 239; *Probate Court v. Brainard*, 48 Vt. 620; *Probate Court v. Niles*, 32 Vt. 775.

The opinion of the court was delivered by

ROYCE, Ch. J. This cause was heard on general demurrer

to the declaration. The application made to the Probate Court for leave to prosecute was made by the Green Hill Cemetery Association, and leave was granted to that association to prosecute the bond given by the defendants; and a copy of the order made by the Probate Court and bond were filed in the County Court. The writ was endorsed "Green Hill Cemetery Association, prosecutor; A. G. Stone, administrator of E. W. Kent, prosecutor." After the demurrer was filed the court ordered that the name of A. G. Stone, administrator of Kent, be stricken from the files as prosecutor.

It is claimed that the endorsement of Stone's name upon the writ made him a party so that the order made by the court changed the parties to the action. R. L. s. 2303 provides that any person claiming to be injured by a breach of the conditions of a bond may apply to the Probate Court to which such bond is taken for leave to put the same in suit; and shall thereupon give a bond to the adverse party to the satisfaction of the court, with a condition that he will prosecute the suit to effect and pay the costs which are adjudged against him, if he fails to recover. Upon compliance with these requirements, it is made the duty of the Probate Court to grant the leave prayed for and to furnish the applicant with a copy of the bond and a certificate that leave has been granted, and the name and residence of the applicant. The applicant is required to cause his name to be endorsed on the writ, and is to be deemed the prosecutor of the bond. The statute has thus defined the qualifications of those who are entitled to appear and be treated as prosecutors.

The simple endorsement of the name of a party as prosecutor upon the writ, does not constitute him a prosecutor. In *Probate Court* v. *Strong*, 24 Vt. 146, the prosecutor had neglected to have his name endorsed upon the writ, and a motion to dismiss was made for that reason. The court say that if the objection had been seasonably made, it would

have probably prevailed; but that the prosecutor having done all that the law required, by seasonably filing a certified copy of the leave given him to prosecute, he had all the rights of a prosecutor under the act. The acts of the prosecutor preliminary to the suing out of the writ were made the test of his right.

Stone, as administrator of Kent, had never made application for, nor been granted, leave to prosecute, and had not given a bond to the adverse party. He had no right to cause his name to be endorsed on the writ as a prosecutor; and the court had the undoubted right to disregard his claim to appear as a prosecutor and to order his name to be stricken from the record.

It is further claimed that the declaration does not state any cause of action for which a recovery can be had in the name of the prosecutor. The breach of the bond alleged in the declaration is the neglect of the defendant Rebecca Hull, as administratrix of Alfred Hull, to pay a claim of $236 that was allowed by the commissioners upon Alfred Hull's estate in favor of Elias W. Kent, treasurer, collector, and committee; and it is averred that the said Kent was treasurer, collector, and committee of Green Hill Cemetery Association of Wallingford, and that said claim so allowed to him was a claim due him in trust for said association.

It is an elementary principle that an action in a court of law for the enforcement of a right must be in the name of the party holding the legal title. 1 Chit. Pl. 3.

In *Heald* v. *Warren*, 22 Vt. 409, the court say: "It is well settled, that the person having the legal interest has at law the right of action." A trustee has the legal title to funds which in equity belong to his *cestui que trust*, and suits at law for the recovery of such funds have to be instituted and carried on in the name of the trustee. Here it is alleged that the claim allowed to Kent was due him in trust for the cemetery association; so that Kent, as far as

this claim was concerned, occupied the relation of trustee for the association. Hence, any suit to collect the claim should be in the name of the party representing him as trustee.

It is claimed that the demurrer was filed out of time, and so the insufficiencies complained of in the declaration are to be treated as having been waived.

The 4th subdivision of sec. 2303 requires that the declaration on the bond shall definitely assign and set forth the breaches of the conditions on which the prosecutor relies; the 5th, that judgment shall be rendered as on *nil dicit* for the penalty of the bond against such of the defendants as do not comply with the terms mentioned in subdivision 6, but that no costs shall be taxed on such judgment; the 6th, that the defendants who may wish to resist such judgment shall on or before the third day of the first term plead the general issue and with their plea file their affidavit that they believe or are advised that they did not execute or deliver such bond, or shall demur to the declaration; the 7th, that if on the trial the issue on such plea or demurrer is found in favor of the plaintiff, judgment shall be rendered for the penalty of the bond; and for the plaintiff for his costs occasioned thereby; the 8th, that when judgment is rendered for the penalty of the bond, it shall remain in force as security for other breaches that may afterwards be assigned and proved; the 9th, that the action shall thereafter proceed and be prosecuted in the name of the prosecutor on the breaches assigned, and if he prevails, he shall have judgment for his damages and costs.

The judgment that was rendered for the penalty of the bond under subdivision 5, was as on *nil dicit.* The judgment imposed no direct liability upon the defendants, and inasmuch as it was without costs, they had no legal interest to resist it. The judgment rendered for the penalty of the bond remains in force as security for such breaches of the conditions of the bond as may be assigned and proved. It

**313**

is obvious that it was not intended that the legal sufficiency of the breaches assigned in the declaration or the right of the prosecutor to prove them, and to a judgment upon such proof, should be determined in a suit brought for the sole purpose of having a judgment rendered for the penalty of the bond; for it is provided by the 9th subdivision that after such a judgment is rendered the action shall thereafter proceed and be prosecuted in the name of the prosecutor on the breaches assigned.

*Probate Court* v. *Brainard*, 48 Vt. 620, was an action on an administrator's bond, and was heard on demurrer to the declaration. The demurrer was overruled and judgment rendered for the penalty of the bond. And the court say that such a judgment is a preliminary one, and is one step that the prosecutor must take to enable him to recover the damages which have resulted to him from the alleged breach of the conditions of the bond; that if the court had affirmed the judgment, it could not have rendered final judgment in the case, and that ordinarily this court would have treated the case as prematurely brought into it, and dismissed it as a misentry.

It would appear from what is there said that it was considered that the legal sufficiency of the breaches assigned could not properly be tried under a demurrer to the declaration in a suit brought to obtain a judgment for the penalty of the bond; and that the proper time to interpose a demurrer was upon the trial of the alleged breaches.

A general demurrer is allowable at any time during the course of the trial, and a party is not bound to take one until he finds himself in peril from the judgment that may be rendered. The defendants did not waive their legal right by not demurring at the first term, and had the right to raise the question of the insufficiency of the declaration by demurrer when they found it necessary to do so to protect themselves against a judgment that might be rendered upon proof of the assigned breaches.

When the cause passed out of the jurisdiction of the Probate Court, the rules of pleading that prevail in common law causes would be applicable, except as modified by the statute referred to. And the prosecutor is not by that statute relieved from the obligation of stating a cause of action that would warrant a judgment in his name.

If a judgment shall be rendered upon this declaration in favor of the prosecutor, there will be two judgments for the same claim;—one directly against the estate, and the other against the sureties upon the administrator's bond. The administrator of Kent is not a party to this suit, and will not be estopped by any judgment that may be rendered, from claiming that the judgment rendered in favor of Kent shall be enforced for the benefit of his estate.

The defect in the declaration is, that it does not state a legal cause of action in favor of the prosecutor; and there is nothing set forth in it that can, by intendment, aid that defect.

The judgment overruling the demurrer is reversed, the demurrer is sustained, and the breaches assigned in the declaration are adjudged insufficient, and judgment is rendered for the defendants.

POWERS and WALKER, JJ., dissent.