# PROBATE COURT v. E. B. SAWYER AND OTHERS.

*Probate Bond. Husband and Wife. Pleading. Amendment. Practice.*

1. When a married woman prosecutes a probate bond, the defect, if any, arising from the fact that the husband's name is not endorsed with hers upon the writ as prosecutor, can be reached only by plea in abatement,—not by motion to dismiss.

2. When leave is granted to the attorney of several heirs to prosecute a probate bond for them, it is not necessary that his name be endorsed on the writ.

3. It is not error to allow an amendment by which a husband is joined with his wife in prosecuting a probate bond, when the defendant has merely moved to dismiss for non-joinder.

4. In an action on a probate bond where the defendant pleaded that no person injured by the breach of the bond ever applied to the Probate Court for leave to prosecute, and that said court never granted such leave to any person injured, or claiming to be injured, the plaintiff should traverse the plea, instead of demurring.

PROSECUTION of probate bond signed by defendants Sawyer, W. H. H. Kenfield, and C. C. Morse. Heard April Term, 1886, Lamoille County, POWERS, J., presiding.

Messrs. Brigham & McFarland, the attorneys for the heirs of Jonas Moore, signed the application to the Probate Court for leave to prosecute the bond. They also gave a bond to the defendants conditioned that the said McFarland prosecute the suit to effect, etc. The Probate Court granted permission to said McFarland, as attorney. of said heirs, to prosecute said bond. It appeared from the declaration that the heirs were the widow of said Jonas Moore, Delia M. Clayton, daughter of said Moore and wife of Wm. D. Clayton, and Carrie T. Smith, daughter of said Moore, and wife of G. P. Smith.

The defendants filed a motion to dismiss, because the husbands were not joined as prosecutors ; and also because the name of the person, to whom leave was granted to prosecute, was not endorsed upon the writ. The court overruled this motion, and allowed the plaintiff on motion to amend the writ by inserting wherever necessary the names of the husbands in the declaration, and by endorsing them as prosecutors upon the back of the writ. The defendants excepted and filed a special plea. The plaintiff demurred to the plea, and the court ruled that the plea was insufficient ; and thereupon the cause was passed to the Supreme Court.

*P. K. Gleed*, for the defendant.

The court had no power to allow the husbands to become parties when they had made no application to the Probate Court. *Probate Court* v. *Hull*, 58 Vt. 306 ; *Bowman* v. *Stowell*, 21 Vt. 313. The prosecutor must be the person who has the *legal* title to the funds ; and when he comes into the County Court he is subject to the rules of common law pleading. *Probate Court* v. *Brainerd*, 48 Vt. 620 ; *Probate Court* v. *Hull, supra.* New parties cannot be added by way of amendment. *Myers* v. *Lyon*, 51 Vt. 272 ; *Ross* v. *Draper*, 55 Vt. 404 ; *Waterman* v. *R. R. Co.* 30 Vt. 614. The

motion to dismiss because the name of the prosecutor, Mr. McFarland, was not endorsed on the writ should have been sustained. *Probate Court* v. *Strong*, 24 Vt. 146. The court erred in sustaining the demurrer. *See* cases *supra*.

*Brigham & McFarland*, for the plaintiff.

The court did not err in allowing the amendment. Dic. Par. p. 524; Gould Pl. p. 273, s. 106; 1 Chit. Pl. 33; *Hutchinson* v. *Tucker*, 124 Mass. 240; *Probate Court* v. *Strong*, 24 Vt. 146.

No new party was introduced by the amendment. *Lewis* v. *Locke*, 41 Vt. 13; *Emerson* v. *Wilson*, 11 Vt. 357. Allowing the amendment was matter of discretion, and not revisable. R. L. s. 907; *Skinner* v. *Grant*, 11 Vt. 462. The defects, if any, could be taken advantage of only by plea in abatement. 1 Chit. Pl. 33; *Probate Court* v. *Niles*, 33 Vt. 775. The court did not err in overruling the demurrer. R. L. s. 2303; 1 Abb. L. Dic. 108; *Clarke* v. *Tabor*, 22 Vt. 597.

The opinion of the court was delivered by

Ross, J. I. If it was necessary to endorse the names of the husbands of Mrs. Clayton and Mrs. Smith with their names as prosecutors upon the writ—in regard to which no decision is made—the defect arising therefrom could be taken advantage of only by plea in abatement. 1 Chitty Pl. 33; *Probate Court* v. *Strong*, 24 Vt. 146.

A motion to dismiss would not reach the defect, if any, as it does not appear from the record. The husbands were required to join, if at all, because of the marital relation. The wives, being the heirs to the estate to whom their shares of the estate under our statute descended as their sole and separate property, were the real prosecutors. As the pleadings stood, the wives had the right to stand prosecutors without their husbands joining them. Hence, the defendants were not legally injured by allowing the husbands' names to be endorsed with those of their wives as prosecutors upon the writ.

There was no foundation in fact for the motion to dismiss because the name of the person to whom leave was granted to prosecute was not endorsed upon the back of the writ. The leave was granted to Mr. McFarland as the attorney of the heirs. This was granting leave to the heirs, the widow and two daughters, and not to the attorney as an individual. . The attorney is the hand of his principal. He speaks and acts in the principal's name and stead. Hence no leave was granted to Mr. McFarland as an individual to prosecute the bond. The leave was to those whom he represented, the heirs of Jonas Moore's estate. There was no error in the action of the County Court in overruling the motions to dismiss.

II. The demurrer admits the facts set forth in the defendant's plea. Among these are the facts that no person injured by the breach of the bond ever applied to the Probate Court for leave to prosecute the bond, and that the Probate Court never granted such leave to any person injured, or claiming to be injured, by the breach of the bond. With these facts admitted, it follows that the prosecution is either by the Probate Court of its own motion, or at the instance of a person who had no right to prosecute the bond, neither of which would be lawful. *Probate Court* v. *Brainard*, 48 Vt. 620 ; *Probate Court* v. *Hull*, 58 Vt. 306.

The County Court was therefore in error in adjudging the defendant's plea insufficient on demurrer. It does not make the plea insufficient that the facts thus admitted by other papers in the case were shown to be false. To have shown their falsity, the plaintiff should have traversed the plea.

For this error, the judgment of the County Court is reversed and the cause remanded, with leave to the plaintiff to withdraw his demurrer, and to reply to defendant's plea, and for the case to be proceeded with.